IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TERESA WOODSON<br><br>Plaintiff,<br><br><br>vs.<br><br><br>G.Y. RESEARCH INSTITUTE OF NATURAL MEDICINE, et al.<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br><br>Case No. 2:08-cv-087 |

This matter is before the court on Essential Botanical Farms, LLC ("Essential Botanical") and Aromatic Resource Management Co., Inc. ("Aromatic Resource Management") motion for summary judgment. The Motion for Summary Judgment was filed on May 12, 2009. No opposition memorandum was filed and on September 2, 2009, the moving defendants submitted a Request to Submit for decision.

**I.     AROMATIC RESOURCE MANAGEMENT'S MOTION**

Previously, plaintiff's claim against Essential Botanical and Aromatic Resource Management for medical negligence was dismissed without prejudice.[1] Now these two defendants seek summary judgment on plaintiff's first cause of action for product liability. The Amended Complaint, however, does not name Aromatic Resource Management under the first cause of action. It only names Young

---

[1] *See* Order, 2–3 (Docket No. 23).

Life Research Clinic,[2] Essential Botanical, and Young Living Essential Oils, LC. According to the body of the Amended Complaint, the memorandum in support of this motion, and an affidavit, Young Living Essential Oils, LC is doing business as Aromatic Research & Technology, and Aromatic Resource Management is a separate Utah corporation. Because Aromatic Resource Management has not been named under the first cause of action, and no dispute exists as to that entity on the products liability claim, its motion for summary judgment is denied. Since there are no remaining causes of action against Aromatic Resource Management, it is dismissed from this action.

## II.    ESSENTIAL BOTANICAL'S MOTION FOR SUMMARY JUDGMENT

Plaintiff contends Essential Botanical and other defendants designed, formulated, manufactured, handled, distributed and sold medical and herbal products, which were to be used by the plaintiff in the normal course of distribution. The plaintiff contends that the products were sold to the plaintiff and that "at the time of sale of the medical and herbal products to plaintiff, the products were in a defective condition and were unreasonably dangerous to the plaintiff and the defendants were negligent in the design, manufacture, sale, warning and distribution of these products. (Amended Complaint ¶ 26).

Essential Botanical contends that it does not manufacture, design, market, distribute, supply or sell any of the products that plaintiff has alleged were administered to her. In support of the factual assertion, it has submitted the Affidavit of Wade S. Winegar, general counsel to Essential Botanical. The affidavit states that Essential Botanical owns and operates a farm and supplies only

---

[2] According to the Amended Complaint, G.Y. Research Institute of Natural Medicine LLC is doing business as Young Life Research Clinic – Institute of Natural Medicine. Plaintiff refers to this defendant as "Young Life Research Clinic."

raw product to Young Living Essential Oils, LC. Plaintiff has presented no supporting affidavit or other documentation to contravene the facts as set forth in the affidavit.

Under Section 78B-6-703(1) of the Utah Code, a product is not considered to be defective or to be in a defective condition "unless at the time the product was sold by the manufacturer or other initial seller, there was a defect or defective condition in the product, which made the product unreasonably dangerous to the user or consumer."[3] The undisputed facts are that Essential Botanical only sells raw products. The plaintiff produced no evidence, under the facts as alleged in this case, that the raw products had any defective condition within the meaning of Section § 78B-6-703(1). In the absence of any disputed material fact on this issue, summary judgment must be GRANTED in favor of Essential Botanical.

## CONCLUSION

For the reasons stated above, the court GRANTS IN PART and DENIES IN PART the Motion for Summary Judgment.[4] The court GRANTS Essential Botanical's Motion for Summary Judgment on plaintiff's first cause of action for product liability, and that claim is hereby dismissed with prejudice. The court DENIES Aromatic Resource Management's Motion for Summary Judgment.

Because all claims against Essential Botanical and Aromatic Resource Management have been resolved, these defendants are hereby dismissed from this action, subject to the terms of the Order entered on October 20, 2008.

---

[3] Utah Code Ann. § 78B-6-703(1) (2009).

[4] Docket No. 24.

DATED this 22nd day of October, 2009.

                                      BY THE COURT:

                                      _____
                                      Honorable Clark Waddoups
                                      U.S. District Court Judge